IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TELISA CLARK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN BEL EDWARDS, et al.,<br><br>    Defendants. | **Case No.: 3:20-cv-00308-SDD-RLB** |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Telisa Clark, Lakeshia Barnett, Martha Christian Green, Crescent City Media Group ("CCMG"), and League of Women Voters Louisiana ("LWVLA") (collectively, "Plaintiffs") respectfully move for a preliminary injunction restraining Defendants for all upcoming 2020 elections from enforcing (1) the requirement to qualify for an excuse to vote by absentee ballot (the "Excuse Requirement"), *see* La. Rev. Stat. § 18:1303; (2) the requirement to have another person witness the absentee voter's signature and then sign the absentee ballot envelope (the "Witness Requirement"), *see* La. Rev. Stat. § 18:1306(E.)(2)(a)–(b); and (3) the failure to provide absentee voters with notice of defects with their mail-in absentee ballot and an opportunity to cure such defects so that their votes may be counted (the "Cure Prohibition"), *see* La. Rev. Stat. § 18:1313.

The United States and Louisiana are facing an unprecedented global pandemic that epidemiologists predict will continue into the fall, when the general election in November is expected to draw high voter turnout. As a result of the COVID-19 crisis, Louisiana election officials, including Defendants Governor Edwards and Secretary of State Ardoin have already

concluded that the state's voting rules must change to protect voters and ensure safe, free, fair, and equal elections during the pandemic. They simply have not adequately alleviated the burdens of voting during a pandemic. In these circumstances, Plaintiffs are substantially likely to succeed on their claims that the Excuse Requirement, Witness Requirement, and Cure Prohibition violate their constitutional rights.

First, Plaintiffs seek to enjoin the Excuse Requirement on behalf of all Louisiana voters during 2020 elections. Despite the Emergency Election Plan expanding eligibility for absentee voting for the July and August elections, voters like Plaintiffs Barnett and Green and Plaintiff LWVLA's members, who live in the same household with family members who have health conditions that make them high risk for COVID-19, do not qualify for an excuse for any 2020 election. These voters must vote in person, which requires them to choose between voting and the health of their family. And voters like Plaintiff Clark, who qualify to vote by absentee ballot for the July and August election because of her health condition under the Emergency Election Plan, must vote in person in the November and December elections because the Emergency Election Plan does not extend past August. Plaintiff Clark and voters like her must therefore choose between her health and her right to vote. The Excuse Requirement creates a severe burden on all voters' fundamental right to vote and, for voters like Plaintiff Clark, creates an unconstitutional condition on the right to vote compelling forfeiture of the right to bodily integrity.

Second, Plaintiffs seek to enjoin the Witness Requirement for all voters in 2020 elections. By requiring voters—especially high-risk voters—to break their isolation or recommended social distancing guidelines to sign their absentee ballot in the presence of a witness who then signs the absentee ballot envelope in turn, the Witness Requirement creates an unreasonable burden on

absentee voters' fundamental right to vote under the U.S. Constitution and creates an unconstitutional condition on the right to vote compelling forfeiture of the right to bodily integrity.

The Witness Requirement and Excuse Requirement frustrate the missions of Plaintiffs CCMG and LWVLA and cause them to divert limited resources to mitigate the harm caused by requiring voters to risk exposure to COVID-19 by voting in person or finding a witness for an absentee ballot.

Finally, Plaintiffs seek to enjoin the Cure Prohibition for all absentee voters in 2020 elections. Louisiana law provides absentee voters no notice of or opportunity to cure defects in their absentee ballot so that it may be counted. For Plaintiff Clark, Plaintiff LWVLA members eligible to vote by absentee ballot, and voters like them, the Cure Prohibition violates their right to procedural due process during the absentee ballot process. Plaintiffs also seek a preliminary injunction ordering Defendants to implement a process by which voters may cure material defects in their returned absentee ballots so that they may be counted.

Unless the Excuse Requirement and Witness Requirement are enjoined, Plaintiffs will be forced to choose between exercising their fundamental right to vote and protecting their health or the health of their loved ones. If the Cure Prohibition is not enjoined and a process is not implemented for voters to cure material defects in their returned absentee ballot, Plaintiff Clark and Plaintiff LWVLA's members, like many Louisiana voters who will be voting by mail for the first time, will be denied their right to procedural due process and risk losing their right to vote.

Plaintiffs are also entitled to relief because they will suffer irreparable harm absent relief and traditional legal remedies will not adequately protect their rights. Further, the harm to Plaintiffs and other Louisiana voters outweighs any putative harm to the Defendants. Finally, the relief sought by Plaintiffs is clearly in the public interest.

To protect their rights, their lives, the lives of their loved ones, and the rights and lives of Louisianans like them during the COVID-19 pandemic, Plaintiffs respectfully request this Court enter a preliminary injunction for the July, August, November, and December 2020 elections that (1) enjoins Defendants from enforcing the Excuse Requirement, La. Rev. Stat. § 18:1303; (2) enjoins Defendants from enforcing the Witness Requirement, La. Rev. Stat. § 18:1306(E.)(2)(a)–(b); (3) orders Defendants to implement a process by which voters are given notice of and an opportunity to cure any material defects in their returned absentee ballots so that they may be counted; and (4) orders Defendants to educate all voters about the injunction, in coordination with parish and local officials.

DATED this 1st day of June, 2020.    Respectfully submitted,

 /s/ Caren E. Short

Caren E. Short*
Nancy G. Abudu*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
P: (404) 521-6700
F: (404) 221-5857
caren.short@splcenter.org
nancy.abudu@splcenter.org

Danielle E. Davis, La. Bar No. 37995
SOUTHERN POVERTY LAW CENTER
P.O. Box 57089
New Orleans, LA 70157
T: (504) 486-8982
C: (504) 376-7085
F: (504) 486-8947
danielle.davis@splcenter.org

Jon Sherman* (D.C. Bar No. 998271)
Michelle Kanter Cohen* (D.C. Bar No. 989164)
Cecilia Aguilera* (D.C. Bar No. 1617884)
Fair Elections Center
1825 K St. NW, Ste. 450
Washington, D.C. 20006
P: (202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org

John A. Freedman*
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
P: (202) 942-5000
John.Freedman@arnoldporter.com

*Admitted *pro hac vice*

**Attorneys for Plaintiffs**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2020, I electronically filed the foregoing motion with the Court's CM/ECF system, which will send notice of electronic filing to counsel of record who are registered participants of the Court's CM/ECF system. I further certify that I sent the foregoing document by electronic mail to counsel of record who are not CM/ECF participants.

/s/ Caren E. Short
*Counsel for Plaintiffs*