IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Clark, *et al.,*<br><br>               Plaintiffs,<br>v.<br><br>Edwards, *et al.*,<br><br>               Defendants,<br><br>               c/w<br>Power Coalition for Equity and Justice, *et al.,*<br><br>               Plaintiffs,<br>v.<br><br>John Bel Edwards, the Governor of the State of Louisiana, in his Official Capacity, *et al.*,<br><br>               Defendants | Civil Action: 20-cv-308-SDD-RLB<br><br><br><br><br><br><br><br>Civil Action: 20-cv-283-SDD-RLB |

**MEMORANDUM IN REPLY ON BEHALF OF THE REGISTRARS OF VOTERS**

MAY IT PLEASE THE COURT:

The plaintiffs' opposition to the Registrars motion to dismiss on jurisdictional grounds actually supports the Registrars' arguments that plaintiffs' grievances trace, not to the registrars, but to other governmental entities – the registrars did not establish the alleged offending election procedures – the registrars are powerless to change them. Moreover, state law makes it abundantly clear that the Parish Board of Election Supervisors, not the registrars, enforce the provisions relating to absentee ballots. If the Parish Boards are not required for the litigation, as the plaintiffs argue, the registrars are even further removed and should inarguably be dismissed for the litigation.

1

## ARGUMENT

**A. Plaintiffs Correctly Argue That Their Grievances Arise From State Law and Emergency Election Plan and That Local Election Officials Are Powerless to Establish or Modify Legal Requirements**

In arguing against the necessity of joining the Parish Board of Election Supervisors in their opposition memorandum, the plaintiffs argue:

> As an initial matter, state law, not the Parish Boards, establishes the Excuse Requirements, the Witness Requirements, and the rules regarding notice to voters if their ballots are rejected. With respect to the Excuse Requirement, the categories that establish who is entitled to vote absentee are initially set by statute and can be modified by the named Defendants[1] without any involvement by the Parish Boards.[2]

Again arguing against the joinder of Parish Boards, plaintiffs assure the court, "They have no authority to set aside the rules governing absentee voting established by the State Defendants." [3] Plaintiffs go on:

> The State's statement that Parish Boards are responsible for 'determining who is eligible to vote by absentee ballot,' Mot. at 17, is wrong. **As previously explained, that authority is vested in the state Legislature, the Secretary of State, and the Governor** *see, e.g.*, La. Rev. Stat. § 18:1303.[4]

Plaintiffs elaborate the Parish Board's lack of involvement in the absentee ballot process:

> **Finally, it bears emphasis that the Parish Boards have no role in determining whether, when, and how Louisiana's election code may be modified**. Indeed, the State Defendants in no way consulted or involved the Parish Boards in the creation or approval of the Emergency Plan, which demonstrates yet again that Parish Boards have no role related to the modification Louisiana's election code.[5]

---

[1] If by "named Defendants" the plaintiffs mean to target the Registrars with their shotgun blast, they miss their mark because the Registrars are unable to set or modify state statutes; to the contrary, they are bound to follow such laws as ministerial officers. La. R.S. 18:66.
[2] Doc. 36, Memo. p. 16.
[3] *Id*. at p. 19.
[4] *Id.* at p. 19, emphasis supplied.
[5] Id. at p. 20,emphasis supplied.

2

Plaintiffs continue in the same vein in attempting to distinguish the *Jacobson*[6] case by denying that the Parish Boards have sufficient involvement in the election process to include them in the litigation:

> *Jacobson* is distinguishable from this case. As described in Section I.C. above, the Parish Boards play no role in the establishment or modification of Louisiana's election laws, including the Excuse Requirement, Witness Requirement, and Cure Prohibition, which Plaintiffs are challenging as insufficient. **Even as modified by the emergency plan, these laws were created and passed with the sole involvement of the Governor, the Secretary of State, and the Legislature**.[7]

The plaintiffs embrace the very arguments that the Registrars advance with regard to the traceability component of standing. The Registrars did not establish the requirements that the plaintiffs complain of with respect to absentee ballots, witness requirements, or period for early voting. Nor can they modify, change, or exercise discretion with respect to such requirements. The plaintiffs, as they argue in their opposition memorandum, cannot trace their grievances to local officials, especially and particularly to the four Registrars they sued in this case.

Plaintiffs cannot have it both ways. Either the Parish Boards, because of their statutory role in the election process, must be added as parties, or the claims against the Registrars must be dismissed for lack of standing.

The four Registrars named as defendants cannot redress the plaintiffs' complaints concerning the election process. At the risk of unnecessary repetition, the Registrars have no role in setting the terms of the election that offend these plaintiffs. They cannot change those terms. They cannot exercise discretion with respect to those statutes. The plaintiffs do not disagree with the limitations on their role and function as local officials with a ministerial duty. Standing requires traceability and redressability for their claims, and both elements are lacking here.[8]

---

[6] *Jacobson v. Florida Sec'y of State*, 957 F.3d 1193 (11th Cir. 2020).
[7] Doc. 36, Memo, at p. 21, emphasis supplied.
[8] *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

### C.  The Plaintiffs Cannot Avoid Naming the Parish Board Under Rule 19

Even though plaintiffs argue that Parish Boards have no involvement in determining the validity of absentee ballots, their allegations in the Power Coalition Complaint say otherwise. The Power Coalition Complaint belies their arguments in the opposition memorandum.[9]  In the Complaint, the plaintiffs detail the Parish Board's authority and discretion in rejecting absentee ballots for cause. The allegations of the Complaint are right. Plaintiffs' subsequent efforts to marginalize the Parish Boards to avoid their joinder misstates the law.

The Parish Board of Election Supervisors takes possession of the ballots on election day to tabulate and count the absentee by mail ballots in accordance with La. R.S. 18:1313. It is the Parish Board of Election Supervisors, not the Registrars, that examines the ballots and ballot envelopes and determines whether or not the ballot is valid and should be counted.[10] The plaintiffs suggest otherwise in their memorandum in opposition, but the statute is clear.

### D. The Parish Boards Are Not So Readily Joined As the Plaintiffs Claim

Plaintiffs attached the draft of an Amended Complaint presumably to demonstrate to the court that the Parish Boards can be easily brought into the suit if the court finds their joinder required under Rule 19. However, the Amended Complaint does not properly name the Parish Boards, and the plaintiffs are incorrect in assuming that the Parish Boards can be served through the Attorney General under Rule 4. The Attorney General is not agent for service. He is statutory counsel for the Parish Boards but may designate the district attorney for the parish as attorney for the Boards or allow the Parish Board to retain private counsel.

---

[9] Doc. 1, CA No. 20-cv-00283, ¶¶ 74-76.
[10] La. R.S. 18:1313(F).

## CONCLUSION

Plaintiffs do not argue in their opposition that the Registrars should remain in the suit. They argue vigorously that the Parish Boards should not be in the suit, but their arguments in that regard support a finding that the plaintiffs lack standing to sue the Registrars. The plaintiffs have no standing with respect to their claims against the Registrars.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY:   /s/ Carey T. Jones
Carey T. Jones (La. Bar # 07404)
David Jeddie Smith (La. Bar #27089
Alicia E. Wheeler (La. Bar # 28803)
Jeffrey Wale (La. Bar #36070)
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone No. 225-326-6766
Facsimile No.   225-326-6793
E-Mail Address:
jonescar@ag.louisiana.gov
smithda@ag.louisiana.gov
wheelera@ag.louisiana.gov
walej@ag.louisiana.gov

*Counsel for Defendants, East Baton Rouge Registrar of Voters Steve Raborn, Orleans Parish Registrar of Voters Sandra Wilson, Lafayette Parish Registrar Charlene Meaux, and Terrebonne Parish Registrar, Rhonda R. Rogers*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 12th day of June, 2020 the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record.

*/s/ Carey T. Jones*
Carey T. Jones