UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TELISA CLARK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN BEL EDWARDS, et al., <br><br> Defendants. | Case. No.: 3:20-cv-00308-SDD-RLB |
| POWER COALITION FOR EQUITY AND JUSTICE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN BEL EDWARDS, et al., <br><br> Defendants. | Case No.: 3:20-cv-00283-SDD-RLB |

## PLAINTIFFS' JOINT MOTION TO AMEND THE COURT'S PRE-HEARING ORDER [DKT. 28]

Plaintiffs respectfully move this Court for two amendments to the Court's Order of June 8, 2020, Dkt. 28, regarding the pre-hearing procedures regarding the motions for preliminary injunction.

1. <u>The disclosure of expert declarations and fact witness declarations or proffers on June 18, 2020.</u> The first amendment concerns the timing of the disclosure of expert witness declarations, as well as the disclosure of declarations or proffers regarding the testimony of any fact witness. This request is prompted both by Defendants' refusal to enter into reasonable evidentiary stipulations and basic fairness.

Pursuant to the Court's directive that the parties attempt to enter into evidentiary stipulations, on Monday, June 15, 2020, Plaintiffs met and conferred with Defendants and proposed that first-level hearsay objections be waived as to such declarations, so that the hearing could focus efficiently on substantive matters. Under this proposal, all expert and fact witnesses would, of course, still have been made available for cross-examination. Defendants rejected this proposal.

Plaintiffs further proposed that Defendants provide their expert witness declarations on Thursday, June 18, 2020. As for fact witnesses, Plaintiffs proposed that Defendants should provide either a declaration or proffer on that same date. Again, Defendants rejected this proposal. They instead stated that they will provide their expert declarations (and any other declarations) when they file their opposition to the pending motions (on Monday, June 22, 2020).

Defendants' refusal to reach a reasonable evidentiary stipulation as to first-level hearsay of the declarations of course means that the hearing will be prolonged. Their position is that all evidence must come in through live testimony.

Defendants' position on the timing of their disclosures is calculated to afford them a significant tactical advantage. Defendants have had more than 25 days to review the expert and fact witness declarations in the *Power Coalition* case and 11 days to review the expert and fact witness declarations in the *Clark* case. They have had literally weeks to prepare their cross-examination of Plaintiffs' expert and fact witnesses. By contrast, they would give Plaintiffs a single day before the hearing (during which time Plaintiffs would also be working on their Reply brief) to prepare the cross-examination of Defendants' experts. Basic fairness dictates that Defendants' expert and fact witness declarations must be submitted along with their witness list on Thursday, June 18, 2020.

2. <u>The exchange of the exhibits listed on the parties' exhibit lists on June 18, 2020.</u> Plaintiffs also proposed a mutual exchange of the exhibits listed on the parties' exhibit lists on June 18, 2020. The idea is straightforward: such an exchange would permit the parties to review the exhibits over the weekend. And while this time would be afforded to both sides, it also bears emphasis that Defendants have had a clear view of the core documents in Plaintiffs' case since the date that the pending motions were filed. Plaintiffs' proposal only seeks to level the playing field, at least to some small degree, so that Plaintiffs' counsel have a few days to review the exhibits before the hearing.

In the end, Plaintiffs submit that Defendants cannot have it both ways. They cannot insist that all evidence must go in live and also that they be able to conduct a trial by ambush. Fairness and efficiency both argue for the adoption of Plaintiffs' two proposed modifications of the Court's order and, respectfully, Plaintiffs move this Court to order that all expert and fact witness declarations or proffers, as well as all exhibits, be produced to Plaintiffs on or before Thursday, June 18, 2020.

3

DATED this 15th day of June, 2020.

/s/ Ronald L. Wilson
Ronald L. Wilson, (LSBN 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Tel.: (504) 525-4361
cabral2@aol.com

/s/ John Z. Morris
John Z. Morris
NAACP Legal Defense &
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
zmorris@naacpldf.org

/s/ Catherine Meza
Catherine Meza
NAACP Legal Defense &
  Educational Fund, Inc.
700 14th Street, NW, Suite 600
Washington, D.C. 20005
Tel.: (202) 682-1300
cmeza@naacpldf.org

/s/ Robert D. Fram
Robert D. Fram*
Morgan Lewis*
Joshua González*
Covington & Burling LLP
One Front Street
San Francisco, CA 94111-5356
Tel: (415) 591-6000
rfram@cov.com
MELewis@cov.com
jgonzalez@cov.com
John Fraser**
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000
JFraser@cov.com

**Attorneys for *Power Coalition* Plaintiffs**

Respectfully submitted,

/s/ Caren E. Short

Caren E. Short*
Nancy G. Abudu*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
P: (404) 521-6700
F: (404) 221-5857
caren.short@splcenter.org
nancy.abudu@splcenter.org

Danielle E. Davis, La. Bar No. 37995
SOUTHERN POVERTY LAW CENTER
P.O. Box 57089
New Orleans, LA 70157
T: (504) 486-8982
C: (504) 376-7085
F: (504) 486-8947
danielle.davis@splcenter.org

Jon Sherman* (D.C. Bar No. 998271)
Michelle Kanter Cohen* (D.C. Bar No. 989164)
Cecilia Aguilera* (D.C. Bar No. 1617884)
Fair Elections Center
1825 K St. NW, Ste. 450
Washington, D.C. 20006
P: (202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org

John A. Freedman*
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
P: (202) 942-5000
John.Freedman@arnoldporter.com

*Admitted *pro hac vice*
**ature*Pro hac vice m*otion forthcoming

**Attorneys for *Clark* Plaintiffs**

4