# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TELISA CLARK, et al.,<br><br>                    Plaintiffs,<br><br>   v.<br><br>JOHN BEL EDWARDS, et al.,<br><br>                    Defendants. | Case. No.: 3:20-cv-00308-SDD-RLB |
| POWER COALITION FOR EQUITY AND JUSTICE, et al.,<br><br>                    Plaintiffs,<br><br>   v.<br><br>JOHN BEL EDWARDS, et al.,<br><br>                    Defendants. | Case No.: 3:20-cv-00283-SDD-RLB |

### *CLARK* PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT

Pursuant to Federal Rule of Civil Procedure 59, Plaintiffs Telisa Clark, Lakeshia Barnett, Crescent City Media Group ("CCMG"), and League of Women Voters Louisiana ("LWVLA") (collectively, "*Clark* Plaintiffs") respectfully move this Court to reconsider its decision to dismiss their claims *with prejudice*. The *Clark* Plaintiffs do not seek reconsideration of the dismissal itself, but simply the Court's decision to dismiss the actions with prejudice.

The Court makes clear throughout its order that it is only granting Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and not reaching Defendants' arguments pursuant to Rules 12(b)(6) and 12(b)(7). *See* ECF No. 69 at 6-9, 36. As the Court explained, the dismissal was for lack of standing, not on the merits of the

case. *Id*. at 36 ("Because the dismissal is on standing grounds . . ."). A dismissal for lack of standing is based on a lack of subject matter jurisdiction. *See id*. at 7 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 154–155 (1990)). It is "not a determination on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

The U.S. Court of Appeals for the Fifth Circuit has uniformly held that dismissals for lack of jurisdiction must be ordered without prejudice. In *Davis v. United States*, the court explained that "since the district court did not reach the merits of the case, it was incorrect to dismiss [it] with prejudice." 961 F.2d 53, 57 (5th Cir. 1991). This is well-established. *See Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. Appx. 620, 622 (5th Cir. 2004) ("The dismissal was for lack of subject-matter jurisdiction (standing); therefore, it is without prejudice."); *Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455, 456–457 (5th Cir. 2013) ("To dismiss with prejudice a case under 12(b)(1) is 'to disclaim jurisdiction and then exercise it. Our precedent does not sanction the practice, and we will not do so here.'") (citation omitted); *Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688 (5th Cir. 1980) ("Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits.").

In its opinion dismissing Plaintiffs' claims, the Court cites to *Crenshaw-Logal v. City of Abilene, Texas*, 436 Fed. Appx. 306, 308 (5th Cir. 2011), which quotes *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), for the proposition that "[w]hen a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'" *See id*. at 6-7 n.30. The court in *Ramming* also specifies that attacks on jurisdictional grounds such as standing should be

considered first because this "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." 281 F.3d at 161.

At a bare minimum, dismissal must be without prejudice as to the November and December elections, where the Court itself indicates that Plaintiffs may have standing in the future to bring their claims. *See, e.g.*, ECF No. 69 at 20 ("*Until Clark can articulate* a concrete, imminent injury . . . her claims present no injury-in-fact sufficient to support a finding of Article III standing.") (emphasis added). For example, in this action, Plaintiff Telisa Clark asserted her claims as to the November and December elections. Dismissal with prejudice means she will never again be able to assert her claims, even if she has a concrete, imminent injury as to the November and December elections. The Court necessarily leaves this door open to Plaintiff Clark, noting that there is a possibility that the current Emergency Election Plan will not be extended to the elections in November and December:

> This allegation assumes that the Emergency Election Plan will not be extended to apply for the November and December election. It is as yet unknown what procedures will govern those elections. It is premature, speculative, and insufficiently concrete for Clark to assert an injury-in-fact based on requirements that may or may not be in place in the future.

*Id*. Dismissal with prejudice of course means that Plaintiff Clark's future claim is subject to dismissal on res judicata grounds. "Res judicata means 'a thing decided;' the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred." *Mock v. Epps*, No. 4:06CV39-P-A, 2006 WL 1050534, at *1 (N.D. Miss. Apr. 20, 2006). Plaintiffs Lakeshia Barnett, LWVLA, and CCMG have also raised claims as to the November and December elections. Because their claims were dismissed on purely jurisdictional grounds, the merits of Plaintiffs'

claims as to the November and December elections have not been decided and, under Fifth Circuit precedent, cannot be dismissed with prejudice.

Accordingly, the *Clark* Plaintiffs respectfully move this Court for reconsideration and respectfully request that this Court amend its order dismissing the action to note that dismissal is without prejudice as to the *Clark* Plaintiffs and their claims.

DATED this 25th day of June, 2020.                    Respectfully submitted,

  /s/ Caren E. Short

Caren E. Short*
Nancy G. Abudu*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
P: (404) 521-6700
F: (404) 221-5857
caren.short@splcenter.org
nancy.abudu@splcenter.org

Danielle E. Davis, La. Bar No. 37995
SOUTHERN POVERTY LAW CENTER
P.O. Box 57089
New Orleans, LA 70157
T: (504) 486-8982
C: (504) 376-7085
F: (504) 486-8947
danielle.davis@splcenter.org

Jon Sherman* (D.C. Bar No. 998271)
Michelle Kanter Cohen* (D.C. Bar No. 989164)
Cecilia Aguilera* (D.C. Bar No. 1617884)
Fair Elections Center
1825 K St. NW, Ste. 450
Washington, D.C. 20006
P: (202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org

John A. Freedman*
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
P: (202) 942-5000
John.Freedman@arnoldporter.com

*Admitted *pro hac vice*

**Attorneys for *Clark* Plaintiffs**